Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, CA 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiff Felipe Garcia

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FELIPE GARCIA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID STEINER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> Title VII  Retaliation for Protected Activity <br>          Discrimination – Sex/Parental Status <br><br> 42 U.S.C. §2000e*, et seq*. <br><br> JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

Plaintiff Felipe Garcia, through his undersigned counsel, hereby makes the following allegations against the defendant.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this action is one arising under the federal civil rights laws.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e)(1)(B) and (C), as this is an action against the United States that does not involve real property, a substantial portion

of the underlying acts and omissions occurred in this judicial district, and the Plaintiff resides in this judicial district.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff has exhausted his administrative remedies. Plaintiff filed his formal complaint of discrimination with the Equal Employment Opportunity Commission, which was assigned EEOC Case No. 480-2022-00267X and Agency No. 4E-913-0034-21. On April 15, 2025, Administrative Judge Juliana Sherman issued a Decision Entering Summary Judgment in Favor of the Agency. On April 18, 2025, the United States Postal Service issued its Notice of Final Action implementing the Administrative Judge's decision. Plaintiff timely appeals this decision as permitted under applicable regulations.

### PARTIES

4. Plaintiff Felipe Garcia ("Garcia") is a citizen and resident of the State of California. During the time relevant to the causes of action stated herein, Garcia was employed by the United States Postal Service at the downtown Fresno Main Post Office as a Lead Sales & Services Associate. Garcia has been employed by the USPS since 2006 and has been recognized for his diligence, strong work ethic, and extensive knowledge of USPS procedures.

5. Defendant David Steiner ("Steiner") is the Postmaster General of the United States Postal Service, having been appointed on May 9, 2025. Steiner is sued in his official capacity and had no personal involvement in the acts alleged herein. In accordance with Federal Rule of Civil Procedure 25(d), Steiner is substituted for his predecessor, former Postmaster General Louis DeJoy.

### FACTUAL ALLEGATIONS

**Background and Employment History**

6. Garcia began his employment with the United States Postal Service in 2006. Throughout his employment, Garcia has maintained an exemplary record, recognized for his diligence, strong work ethic, and extensive knowledge of USPS procedures. Garcia has trained numerous supervisors and station managers due to his deep understanding of USPS operations.

7. Garcia is a single father who has consistently balanced his work responsibilities with his parental duties. His status as a single parent requiring childcare arrangements has been known to USPS management throughout his employment.

**Emergency Federal Employee Leave (EFEL) Requests and Initial Discrimination**

8. In 2021, during the COVID-19 pandemic, Garcia's children were participating in virtual schooling. As a single father, Garcia needed to provide care and supervision for his children during their virtual learning hours.

9. Garcia applied for Emergency Federal Employee Leave (EFEL) under the American Rescue Plan, which was a federally protected right intended to support employees facing family-related challenges due to the pandemic. Garcia complied with USPS requirements by providing documentation, including his son's school schedule and a letter from his school counselor confirming his class schedule.

10. Despite providing the required documentation, Garcia's EFEL requests were inconsistently and arbitrarily denied. Some weeks were approved while others were denied without valid justification. Other employees, particularly those who were married or had different family structures, received consistent approvals for EFEL under identical or substantially similar circumstances.

11. The disparate treatment Garcia experienced was based on his status as a single father and his need to care for his children, which constitutes discrimination based on his parental status—a protected characteristic under Title VII's prohibition against sex-based discrimination.

**Protected Activity and Initial Complaints**

12. Beginning in early 2021, Garcia complained to his supervisors, including Supervisor Angie Johnson and Station Manager Brian Corson, about the discriminatory and inconsistent denial of his FEEL requests. Garcia specifically pointed out that other employees with similar childcare needs were being treated more favorably.

13. Garcia's complaints about discriminatory treatment based on his parental status and family responsibilities constituted protected activity under Title VII, as discrimination based on caregiving responsibilities is recognized as a form of sex-based discrimination.

14. Garcia also filed complaints through the EEO process, asserting his rights under federal anti- discrimination laws and objecting to the unequal treatment he was receiving compared to similarly situated employees.

**Escalating Retaliation**

15. Following Garcia's protected complaints about discriminatory treatment, USPS management began a pattern of retaliatory conduct designed to punish Garcia for asserting his rights and to deter him from making further complaints.

16. On April 19, 2021, shortly after Garcia's complaints about the discriminatory EFEL denials, USPS issued Garcia a Letter of Warning for "Failure to Maintain Regular Attendance." This disciplinary action was directly related to Garcia's absences for which he had sought EFEL protection and was retaliatory in nature.

17. On May 5, 2021, USPS escalated its retaliation by issuing Garcia a 7-day suspension for "Failure to Maintain Regular Attendance/Failure to Cooperate in an Investigative Interview." The investigative interview was itself a retaliatory measure designed to intimidate Garcia.

18. The retaliation continued to escalate with USPS issuing Garcia multiple 14-day suspensions: on May 14, 2021; May 18, 2021; and July 13, 2021. Each of these disciplinary actions was directly connected to Garcia's protected activity and represented an escalating pattern of retaliation.

19. Garcia's supervisors, particularly Supervisor Angie Johnson, engaged in manipulative and hostile behavior toward Garcia, creating a retaliatory work environment designed to punish him for his complaints and deter others from engaging in similar protected activity.

**Disparate Treatment of Similarly Situated Employees**

20. Throughout this period, other employees who did not engage in protected activity by complaining about discriminatory treatment were not subjected to the same level of scrutiny, disciplinary actions, or requirements for repeated documentation.

21. Employees who were approved for EFEL were not required to provide the redundant and burdensome documentation that was demanded of Garcia after he complained about discriminatory treatment.

22. The pattern of treatment demonstrates that Garcia's escalating discipline was not based on legitimate, non-discriminatory reasons, but was instead motivated by retaliation for his protected complaints about discrimination.

**Damages and Continuing Effects**

23. As a result of the retaliatory conduct, Garcia suffered severe emotional distress, anxiety, and financial hardship. He depleted his savings to support his family while being repeatedly denied EFEL pay and subjected to unwarranted disciplinary actions.

24. The stress from the retaliation led to health issues, including high blood pressure that resulted in multiple emergency room visits.

25. Garcia's reputation and career prospects within USPS have been damaged by the retaliatory disciplinary actions, which remain on his employment record.

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION

Retaliation for Engaging in Protected Activity in Violation of Title VII, 42 U.S.C. § 2000e-3(a)

26. Garcia realleges and incorporates the foregoing allegations as if set forth herein.

27. Garcia engaged in activity protected under Title VII by complaining about discriminatory treatment based on his parental status and caregiving responsibilities, which constitute sex-based discrimination under Title VII.

28. Garcia's complaints about the discriminatory denial of EFEL requests and the disparate treatment compared to other employees constituted protected opposition to unlawful employment practices under Title VII.

29. Following Garcia's protected activity, USPS subjected him to a series of escalating retaliatory actions, including multiple disciplinary measures, excessive documentation requirements, and creation of a hostile work environment.

30. The adverse actions taken against Garcia were materially adverse and would dissuade a reasonable employee from engaging in protected activity.

31. Garcia's protected activity was a motivating factor in USPS's decision to subject him to the retaliatory disciplinary actions and hostile treatment.

32. The temporal proximity between Garcia's complaints and the escalating disciplinary actions, combined with the pretextual nature of the stated reasons for discipline, establishes the causal connection between the protected activity and the retaliation.

33. As a result of this retaliation, Garcia is entitled to compensatory damages, back pay, reinstatement of benefits, attorney's fees and expenses, and other relief permitted under law.

SECOND CAUSE OF ACTION

Discrimination Based on Sex (Parental Status/Caregiving Responsibilities) in Violation of Title VII, 42 U.S.C. § 2000e-2(a)

34. Garcia realleges and incorporates the foregoing allegations as if set forth herein.

35. Garcia was subjected to discriminatory treatment based on his status as a single father and his caregiving responsibilities, which constitute sex-based discrimination under Title VII.

36. USPS's discriminatory denial of EFEL requests and disparate treatment of Garcia compared to other employees was based on stereotypical assumptions about parental roles and caregiving responsibilities.

37. The discrimination Garcia experienced was sufficiently severe and pervasive to alter the terms and conditions of his employment and create an abusive work environment.

38. As a result of this discrimination, Garcia is entitled to compensatory damages, back pay, reinstatement of benefits, attorney's fees and expenses, and other relief permitted under law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Garcia prays for the following relief:

a. Back pay (including interest and all past and future benefits);

b. Full compensatory and punitive damages;

c. Reasonable attorneys' fees and all expenses and costs of this action;

d. Reinstatement to his former position or an equivalent position with the United States Postal Service;

e. Injunctive relief requiring USPS to implement proper policies and procedures to prevent retaliation against employees who engage in protected activity, and requiring training for supervisory personnel on federal anti-discrimination laws;

  f. Expungement of all retaliatory disciplinary actions from Garcia's employment record;

  g. Pre-judgment interest; and

  h. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR A JURY TRIAL

Garcia demands a trial by jury of all issue so triable in this action.

DATED: July 17, 2025

                */s/ Kevin G. Little*
                Kevin G. Little
                Attorney for Plaintiff
                Felipe Garcia