IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FELIPE GARCIA,

               Plaintiff,

        v.

DAVID STEINER, Postmaster General at United States Postal Service,

               Defendant.

CASE NO.  1:25-cv-00877-JLT-EPG

**JOINT STIPULATED PROTECTIVE ORDER; ORDER**

Plaintiff Felipe Garcia and Defendant Postmaster ('the "Parties"), through their respective counsel of record, respectfully, hereby stipulate to jointly request that the honorable Court enter a protective order regarding the confidential information at issue in this matter under Federal Rule of Civil Procedure. 26, and L.R.141, 141.1, 143 and 251.

The Parties agree that disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information warranting special protection from public disclosure and from use for any purpose other than in this litigation. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party

1

seeks permission from the court to file material under seal. Any request to file material under seal shall comply with Local Rule 141 requiring a showing of good cause or compelling reasons.

Any designation of material as "Confidential" shall be narrowly tailored, made in good faith, and limited to information that genuinely qualifies for protection consistent with Federal Rule of Civil Procedure 26(c), and limited to information that genuinely qualifies for protection, including non-party personnel records, medical information, personal identifiers, or information protected by statute. Over-designation is prohibited.

The Parties acknowledge and agree that certain employment records, deposition testimony and potentially discoverable documents in this case may contain confidential information regarding non-party employees. of Defendant that are not parties to this suit.  The Parties further agree that records concerning non-party employees, a protective order may be necessary to safeguard information protected by the Privacy Act, 5 U.S.C. § 552a.

Subject to and without waiving any statutory or Constitutional privileges or objections to the admissibility or discoverability of any testimony, information or documents produced in connection with this Order, the Parties stipulate that access to and use of such testimony, documents, and information shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court, pursuant to Federal Rules of Civil Procedure 26(c). This Stipulated Protective Order shall also apply to all copies, extracts, and summaries of designated documents.

## I.    DESIGNATION OF CONFIDENTIAL DOCUMENTS

A.  "Confidential" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to non-party employees. Any document designated as "Confidential" by a party producing that document shall be subject to this Stipulated Protective Order, provided the designation is made in good faith and consistent with Rule 26(c). Without more, subject that material to the provisions of this Stipulated Protective Order.

B.  The scope of this Stipulated Protective Order is limited to any such materials identified above related to or referencing the employment of non-party employees.

C.  Any document may be designated as "Confidential" upon a good faith determination by a party that the document falls within the purview of the specified category of protected documents by stamping or affixing the word "CONFIDENTIAL" on the face of the document. Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container as appropriate.

D.  Any retroactive designation must be made within twenty-one (21) days of production unless good cause is shown. Retroactive designation shall not apply to material already filed with the Court or used in deposition without timely objection.  The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

5. **RESTRICTIONS REGARDING CONFIDENTIAL DOCUMENTS**

A.      No "Confidential" documents produced by any party shall be used for any purpose other than in this litigation, in preparation for, and in use at trial of this case.

B.      There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

1.      The parties to the case, including current employees, officers, or directors of a corporation or entity party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the "Confidential" documents;

2.      The parties' attorneys, and the attorneys' staff, including, but not limited to, outside copy service personnel;

3.      Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case;

4.      The court or other officer who presides over any proceeding in the case, and to court reporters as necessary; and,

5.     If a party wishes to file a "Confidential" document with the court, the party must seek to do so under seal in compliance with Local Rule 141.

C.     Disclosure

1.     Other than the parties' attorneys, any person to whom Confidential documents or their information are to be disclosed shall be provided and required to read a copy of this Stipulated Protective Order before disclosure of such information to that person.  The person must agree to abide by the terms of this Stipulated Protective Order by executing a non-disclosure agreement that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to counsel who intends to make such disclosure.  Each party or counsel for each party shall maintain a list of the names of all persons to whom he, she, or they have disclosed Confidential documents or the information contained therein, and shall, upon three business days notice, produce to any other party copies of such agreements for inspection and copying.

2.     Whenever, during the course of a deposition, "Confidential" documents or information are utilized by the examining attorney, only those persons permitted access to such documents pursuant to this Stipulated Protective Order shall be present at the deposition.  A deponent shall not be excluded from testimony concerning documents that the deponent authored, received, reviewed, or was copied on. Counsel for the party noticing the deposition shall instruct the court reporter that he or she is to ensure that all exhibits containing "Confidential" exhibits are labeled prominently as "CONFIDENTIAL," and that originals or copies of such "Confidential" exhibits may be released to no one except counsel for the parties.

3.     Any party to this Stipulation may designate testimony given during a deposition as "Confidential" via the party's counsel making a statement on the record before or during the testimony that is "Confidential" and subject to this stipulation and order.  The portions of a deposition which contain "Confidential" testimony shall be prepared by the court reporter in a separate transcript.

II.     **<u>GENERAL</u>**

A.     The terms of this Stipulated Protective Order shall be binding on all parties from the time that all parties or all parties' counsel have signed the Stipulation, even if the Court has not signed the Order.

B.     This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all parties.

C.     Any party for good cause may apply to the court to challenge a designation made by any other party, or to reveal information that the producing party has redacted, after an attempt has been made to meet and confer over the issue.  Upon such a request to the court to challenge the designation made, the court shall first review the documents and determine whether the designation is appropriate. The Parties shall comply with this Stipulated Protective Order unless the court orders otherwise.

D.     The party designating material as "Confidential" may waive any of the provisions of this Stipulated Protective Order in writing.

E.     The Parties agree that they will meet and confer with the court as necessary about the handling of material designated by any of the parties as "Confidential," produced pursuant to this Stipulated Protective Order for trial purposes.  Nothing herein shall be construed as a concession by any party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner.

F.     This Order shall be without prejudice to present a stipulation or motion to the court under Federal Rules of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those as specified herein.  This shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

G.     Pursuant to Federal Rule of Evidence 502(d), the production of any document, electronically stored information, or other information subject to a claim of attorney-client privilege, work product protection, or other applicable privilege shall not constitute a waiver of such privilege in this action or in any other federal or state proceeding. Upon written notice of inadvertent production, the receiving party shall promptly return, sequester, or destroy the specified material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Any assertion of privilege shall be accompanied by a privilege log sufficient to comply with Federal Rule of Civil Procedure 26(b)(5)(A).

III.   **TERMINATION OF THE LITIGATION**

Within twenty days after a settlement, judgment or dismissal in this matter, and termination of all appeals or deadlines to appeal, all *original* "Confidential" materials and all copies or portions thereof containing or reflecting information from "Confidential" documents shall be returned to counsel for the producing party. *Copies* of any such documents may be destroyed by the party in possession. Notwithstanding the foregoing, counsel of record may retain one archival copy of Confidential materials, including deposition transcripts, exhibits, expert materials, and filings, for record-keeping, malpractice protection, and compliance purposes, subject to the continuing obligations of this Order.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: June 1, 2026

ERIC GRANT
United States Attorney

By: /s/  Alyson A. Berg
ALYSON A. BERG
Assistant United States Attorney

Attorneys for the United States of America

Dated: May 28, 2026

LAW OFFICE OF KEVIN G. LITTLE

By: /s/ Kevin G. Little (as authorized on 5.28.26)
KEVIN G. LITTLE

Attorneys for Plaintiff

**ORDER**

Having considered the above stipulation and finding good cause, the Court adopts the signed stipulated protective order.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing.  The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the Court reiterates that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017).

Finally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure. The Court's established practices or Rules will govern the litigation of this case. (Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

IT IS SO ORDERED.

Dated:    **June 2, 2026**                       /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE

7